**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : |
| v. | : **SENTENCING**.: 7:23-CR-60 (WLS-TQL-1) |
| | : **REVOCATION:** 1:18-CR-30-006 (WLS-TQL-6) |
| TYQUAN WILLIAMS, | : |
| | : |
| Defendant. | : |
| _____ | : |

## <u>ORDER</u>

On April 10, 2024, the Court held two (2) joint hearings on Defendant Williams. Specifically, a hearing on the revocation of Defendant's supervised release in case number 1:18-CR-30-006 based on the Government's Petition for revocation of supervised release pursuant to Defendant's alleged violation of conditions of his supervision, and a sentencing hearing based on Defendant's entry of plea of guilty to Count One of Indictment in case number 7:23-CR-60.

On December 20, 2023, Defendant pled guilty to a one-count Indictment in case number 7:23-CR-60, wherein Count One charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). This offense is what consequently led to the Government's Petition for revocation of Defendant's supervised release in case number 1:18-CR-30-006, wherein Defendant was sentenced to thirty-seven (37) months of imprisonment and three (3) years of supervised release for entering a plea of guilty to Count One of the Indictment, which charged him with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 i/c/w/ 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Case No: 1:18-CR-30, Doc. 366).

The Petition for revocation in case number 1:18-CR-30-006 alleges that Defendant had violated the following five (5) conditions of supervised release:

1

- **Violation Number 1**: Defendant failed to refrain from owning, possessing, or having access to a firearm, ammunition, destructive device, or dangerous weapon in violation of the standard conditions of supervision. On or about August 12, 2022, Defendant possessed a Glock .40 caliber pistol, as evidenced by his arrest in Thomasville, Georgia. This violation, as noted above, is what gave rise to the Indictment for Defendant's case number 7:23-CR-60.

- **Violation Number 2:** Defendant failed to refrain from violation of the law in violation of the mandatory conditions of supervision. On or about August 12, 2022, Defendant committed the offenses of Possession of Marijuana with Intent to Distribute, Possession of a Schedule I or II Controlled Substance with Intent to Distribute, Possession of Firearm During Commission of a Felony, Possession of Firearm During Commission of Crime, Driving While License Suspended, and Affixing Material that Reduces or Increases Light Transmission/Reflectance of Window/Windshield in Thomasville, Georgia.

- **Violation Number 3**: Defendant failed to refrain from unlawfully possessing a controlled substance in violation of the mandatory conditions of supervision. On or about August 12, 2022, Defendant possessed oxycodone, alpha-PiHP, and marijuana, as evidenced by his arrest in Thomasville, Georgia.

- **Violation Number 4:** Defendant failed to participate in an approved mental health treatment program in violation of the special conditions of supervision. On April 28, 2022, Defendant completed a behavioral health assessment through Georgia Pines in Thomasville, Georgia, and was recommended for psychiatric and psychosocial rehabilitation treatment; however, Defendant failed to attend treatments as recommended.

- **Violation Number 5**: Defendant failed to notify the U.S. Probation Office of an arrest within 72 hours, in violation of the standard conditions of supervision. On or about August 12, 2022, Defendant was arrested for the previously noted offenses in Thomasville, Georgia, and he posted bond on August 14, 2022. But following his release, Defendant failed to notify the U.S. Probation Office about his arrest.

(PSR, Doc. 33, at 5–6).

Defendant acknowledged that he had been provided with a copy of the Government's Petition for revocation and that he had reviewed it with his Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense)—all of which Defendant acknowledged he

understood. The Court also confirmed from Defendant that he had received and reviewed the Reports, one which contained findings for both the revocation hearing on case number 1:18-CR-30-006 and the other findings for the sentencing hearing on case number 7:23-CR-60. Neither the Government nor the Defendant had objections to the Report's findings as to the issue of Defendant's revocation in case number 1:18-CR-30-006. Defendant also stated that he also spoke with his counsel about the Government's Petition and did not wish to have a hearing on it. Furthermore, Defendant admitted to Violation Numbers One, Two, and Three alleged in the Petition for revocation. The Government withdrew Violation Numbers Four and Five. Accordingly, the Court acknowledged that Violation Numbers Four and Five from the Petition had been withdrawn. The Court found that Defendant freely, knowingly, and voluntarily waived his rights to a hearing and stipulated to the alleged violation of supervised release for the purposes of the revocation hearing outlined at Violation Numbers One, Two, and Three of the Petition. As such, the Court found that Defendant had committed the alleged Violation Numbers One, Two, and Three by a preponderance of the evidence and violated the conditions of his supervised release. The Court heard from the Government, Defense Counsel, and Defendant. The Court then declared Defendant's supervised release revoked.[1]

Next, as to Defendant's sentencing hearing in case number 7:23-CR-60, the Court confirmed with Defendant that he had reviewed the Report's findings. Defendant made two objections to the Report's findings. Specifically, Defendant objected to Paragraph 45, which concerned the application of the status point to his criminal history computation, and Paragraph 97, which provided that the Probation Office has not identified any factors that would warrant a departure from the guideline range. The Government agreed with Defendant that the status points should not apply; nevertheless, the Government argued that sustaining Defendant's objection to Paragraph 45, however, would not change Defendant's criminal history category of III.

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

Defendant also objected to Paragraph 97 and argued that a downward departure is warranted because Defendant received criminal history points from a sentence of possession of marijuana for personal use, without an intent to sell or distribute. To this, the Government argued that Defendant's history shows that Defendant sold variety of substances, and that marijuana, which formed the basis, was a left-over inventory from his sale of it; thus, even if the particular day at issue involved about an ounce of marijuana, the Government argued that the Court should decline to departure downward. The Government also asked for the low-end of the guideline range pursuant to the plea agreement, to be served consecutively to the imprisonment of the revocation hearing for case number 1:18-CR-30-006.

After hearing from both Parties, the Court sustained Defendant's objection to Paragraph 45, even though doing so did not change the advisory guideline range, because it did not change Defendant's criminal history category of III. Next, the Court overruled Defendant's objection to Paragraph 97 after finding there were no factors that warranted a downward departure.

The Court took into consideration Defendant's Sentencing Guidelines range of 46 to 57 months in case number 7:23-CR-60, which was based on Defendant's total offense level of 21 and a criminal history category of III. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a), the Court sentenced Defendant to forty-six (46) months of imprisonment, followed by a term of supervised release of three (3) years, which included the mandatory, standard, and special conditions of supervised release as noted in the Report, and ordered Defendant to pay the mandatory assessment fee of $100.

And as to revocation of supervised release in case number 1:18-CR-30-006, the Court ordered Defendant to be imprisoned for twelve (12) months, to run consecutively to the 46-month term of imprisonment imposed in case number 7:23-CR-60. Thus, the Court **GRANTED** the Government's Petition for revocation and thus **REVOKED** Defendant's term of supervised release.

In sum, Defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of fifty-eight (58) months, followed by three (3) years of supervised release including the mandatory, standard, and special conditions of supervised release set out in the Report. The Court found this ultimate sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

**SO ORDERED**, this <u>18th</u> day of April, 2024.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**